# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **M.H. and M.N.**

**No. 16-0606** (Wood County 15-JA-185 & 15-JA-186)

**FILED**

**October 11, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother M.C., by counsel Krista L. Fleegle, appeals the Circuit Court of Jackson County's May 16, 2016, order terminating her parental rights to three-year-old M.H., and seven-year-old M.N.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem, Robin Bonovitch filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights to M.N. without making a finding that he was an abused or neglected child and in denying her post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2015, the Parkersburg Narcotics Task Force conducted a raid on petitioner's residence. As a result of the search, the task force found crack cocaine, heroin, and oxycodone on petitioner's coffee table, all of which were within the reach of M.H. Two guns were also located within the reach of M.H.[2] Petitioner also admitted that she used Percocet and smoked marijuana. Furthermore, M.H. was covered in filth, had more than forty infected bed bug bites on his body, and was wearing a soiled diaper. Finally, petitioner was arrested for drug related offenses associated with this raid. Based upon the raid of petitioner's residence and M.H.'s hygiene, the DHHR filed a petition for abuse and neglect.

Thereafter, the circuit court held a series of adjudicatory hearings during which the circuit court heard extensive testimony from Detective Sturm of the Parkersburg Police Department

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]M.N. was at school when the raid occurred.

1

regarding the raid, as described above. M.H.'s father testified that while he was not married to petitioner, they lived together with M.H. and M.N. as a family. After taking evidence, the circuit court adjudicated petitioner as an abusing parent as to M.H.

In May of 2016, the circuit court held a dispositional hearing during which it heard testimony from witness. By order entered on May 16, 2016, the circuit court terminated petitioner's parental rights to both M.H. and M.N. and denied her post-termination visitation.[3] This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights to M.N. on the ground that the circuit court failed to adjudicate her as an abusing parent to M.N.[4] However, petitioner does not cite to a single case in support of her argument that the circuit court was required to make specific findings that each child was individually abused or neglected. *See* Syl. Pt. 2 *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995) (holding that [w]here there is clear and convincing evidence that a child has suffered physical . . . abuse while in the custody of his or her parent(s), . . . , another child residing in the home when the abuse took place who is not a direct victim of the physical . . . abuse but is at risk of being abused is an abused child under W.Va.Code, 49–1–3(a) (1994)"). Petitioner's failure to include any applicable legal authority in support of her argument is in direct contradiction to this Court's Rules of Appellate Procedure and specific directions issued by administrative order.

---

[3]Petitioner is currently incarcerated on one count of manufacturing or delivery of a controlled substance. Her projected release date is December 11, 2022.

[4]Petitioner does not appeal the termination of her parental rights to M.H.

Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact *and law* presented, the standard of review applicable, *and citing the authorities relied on . . .* [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief related to her first assignment of error is woefully inadequate as it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure. While it does contain a single citation to the record on appeal, it lacks citations to applicable legal authority. Thus, petitioner's assignment of error was not properly developed on appeal.

In her final assignment of error, petitioner alleges that the circuit court erred in denying her post-termination visitation with both children. We have held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). We have also held that the word "may" is permissive and connotes discretion. *See Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher*, 174 W.Va. 618, 626 n. 12, 328 S.E.2d 492, 500 n. 12 (1985) (providing that "[a]n elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion.") (citations omitted). In the case sub judice, while petitioner asserts that she has a bond with her children and that the children desire to have continued contact with her, the record on appeal does not support her self-serving assertions. The record is devoid of any evidence that petitioner had a bond with her children or that they desired to have continued contact with her. Specifically, petitioner acknowledges that she has not seen her children since December of 2015. Finally, petitioner failed to file a written motion requesting post-termination visitation. *See* Syl. Pt. 5, *In re Marley M.*, 231 W.Va. 534, 535 745 S.E.2d 572, 574 (2013) (holding that "[a] parent whose rights have been terminated

pursuant to an abuse and neglect petition may request post-termination visitation. Such request should be brought by written motion . . . .") For these reasons, we find that the circuit court did not abuse its discretion in denying petitioner post-termination visitation with her children.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 16, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: October 11, 2016


**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II